UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAINE DERMATOLOGY, LLC )<br>)<br>Defendant. ) | Civil No. 15-cv-_____ |

**COMPLAINT**

**NOW COMES** Plaintiff, the United States of America ("United States") and asserts the following as its Complaint.

**INTRODUCTION**

This is a False Claims Act case against Maine Dermatology, LLC ("Defendant Maine Dermatology, LLC") for submitting $314,908.16 in false claims to Medicare from June 1, 2010 through August 9, 2013. Defendant Maine Dermatology's claims to Medicare were false because it sought payment for Evaluation and Management ("E&M") services through the improper use of the Medicare Modifier 25 and by submitting claims for E&M services that were improperly upcoded from CPT Code 99213 to CPT Code 99214. Defendant Maine Dermatology knew or should have known that it was falsely billing Medicare for these services. Based on the United States' investigation, Defendant Maine Dermatology acted with knowledge or reckless disregard of clear guidance from the Medicare Program that its Medicare claims at issue were ineligible for payment.

1

## PARTIES

1. Plaintiff, the United States, brings this action on behalf of itself and its agency, the U.S. Department of Health and Human Services ("HHS"), Office of Inspector General ("OIG").

2. Maine Dermatology is a dermatology practice located at 2239 Atlantic Highway, Lincolnville, Maine

## JURISDICTION AND VENUE

3. This action arises under the federal False Claims Act, 31 U.S.C. § 3729 *et. seq.*

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, and 31 U.S.C. § 3732.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1395.

## BACKGROUND

### The Medicare Program

6. The Medicare Program ("Medicare") is a federal insurance program that provides health insurance to approximately fifty million Americans, most of them elderly or disabled. Medicare is administered by the Centers for Medicare & Medicaid Services ("CMS"), a component of HHS.

7. Under Medicare, any services billed must be medically necessary, and any provider billing Medicare must have documentation showing the medical necessity of those services.

8. Under Medicare, a participating provider can bill the program for evaluation and management services ("E&M services," also known as office visits) provided to a patient on the same day as a separate procedure or procedures only if the provider can show that

the E&M service for which it seeks payment is a significant, separately identifiable service from the other procedures provided.

9. Providers must use Modifier 25 in order to receive reimbursement for providing E&M services to a patient on the same day as a separate procedure. When using Modifier 25, Medicare requires the provider to produce documentation, on request, demonstrating that the E&M service was a significant, separately identifiable service from the other services provided.

10. Medicare regulations also require that providers accurately bill for the services that they provide. On claims submitted to Medicare, providers use Current Procedural Terminology ("CPT") codes to describe the services that were provided to a beneficiary.

11. The CPT codes for established patient office visits range from 99211 to 99215. The complexity of the office visit and/or the length of time spent with the patient determines the correct CPT code to use, with 99211 representing the shortest/simplest office visit and 99215 representing the lengthiest/most complex office visit. Medicare reimbursement increases as the length and complexity of the visit increases.

### Defendant Maine Dermatology's Improper Bills

12. From June 1, 2010 through August 9, 2013, Defendant Maine Dermatology submitted bills for E&M services to Medicare for reimbursement.

13. In response, the OIG conducted analyses of Defendant Maine Dermatology's patient records and determined that, in a significant number of instances, Defendant Maine Dermatology had billed Medicare for providing E&M services to individual patients on the same day that it had also billed for medical procedures, despite the fact that each

        E&M service was not a significant, separately identifiable service from the procedures provided.

14. OIG's analysis of Defendant Maine Dermatology's patient records also demonstrated that Defendant Maine Dermatology, using improperly high CPT codes, had billed Medicare for lengthier and/or more complex E&M services than it had actually provided.

### Defendant Maine Dermatology Knew or Should Have Known of Its False Claims

15. From June 1, 2010 through August 9, 2013, Defendant Maine Dermatology knew or should have known it was falsely billing Medicare for E&M services.

16. Clear and official Medicare billing instructions available during that period of time demonstrated that a provider could bill for E&M services during the same visit that a procedure was also billed only if that provider could show that the E&M service being billed entailed significant, separately identifiable medical services from the procedures provided. Furthermore, clear and official Medicare billing instructions available during that period of time demonstrated that a provider could bill for E&M service only if that provider could show that the E&M service being billed was medically necessary.

17. Defendant Maine Dermatology knew or should have known it was falsely billing Medicare for improperly upcoded services.

18. Clear and official Medicare billing instructions available during the relevant period of time demonstrated that providers were required to accurately portray the services and the level of services that they provided to beneficiaries.

19. In entering into a provider agreement under Medicare, Defendant Maine Dermatology certified that it would abide by Medicare billing instructions and that it understood how to obtain those instructions.

20. Accordingly, Defendant Maine Dermatology either knew or should have known that a significant number of its bills to Medicare for E&M services were false because Maine Dermatology billed for E&M services inappropriately by misusing the Modifier 25 and by misrepresenting the level of service provided by upcoding its E&M claims.

## Count 1
### False Claims Act, 31 U.S.C. § 3729 (a)(1)

21. The foregoing paragraphs are hereby incorporated by reference.

22. Defendant Maine Dermatology presented, or caused to be presented, to officers, employees or agents of the United States Government false claims for payment or approval.

23. Defendant Maine Dermatology presented, or caused to be presented, those claims with actual knowledge of their falsity or with reckless disregard as to their truth or falsity.

24. By virtue of the false or fraudulent claims made or caused to be made by Defendant Maine Dermatology, the United States has suffered damages of $314,908.16 under the False Claims Act and therefore is entitled to at least double damages of $629,816.32.

**WHEREFORE**, the United States demands and prays that judgment be entered in its favor and against Defendant Maine Dermatology, for $629,816.32, and for such further relief as may be just and proper.

                                                          Respectfully submitted,

                                                          Thomas E. Delahanty II
                                                          United States Attorney


                                                          /s/ John G. Osborn
Date:   October 26, 2015                Assistant U.S. Attorney
                                                          United States Attorney's Office
                                                          100 Middle Street
                                                          Portland, Maine 04101
                                                          (207) 780-3257
                                                          John.Osborn2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2015, I caused the foregoing to be electronically filed using the CM/ECF system and, in addition, I sent notification of such filing(s) to the following by U.S. Mail, postage prepaid:

>Heidi A. Sorenson
>Foley & Lardner LLP
>Washington Harbour
>3000 K Street, N.W.
>Suite 600
>Washington, D.C. 20007-5109
>
>Peter J. DeTroy
>Norman, Hanson & DeTroy
>Two Canal Plaza
>P.O. Box 4600
>Portland, Maine 04112

>/s/ John G. Osborn
>Assistant United States Attorney